FILED '09 JUL 14 13:54 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RODNEY D. ENGLERT,

      Plaintiff,

vs.

HERBERT LEON MACDONELL, TERRY L. LABER, BARTON P. EPSTEIN, PETER R. DE FOREST, STUART H. JAMES, and PATRICIA LOUGH,

      Defendants.

Civil No. 05-1863-AA
OPINION AND ORDER

---

Victor Calzaretta
Attorney at Law
621 S.W. Morrison St., Suite 440
Portland, OR  97205
    Attorney for plaintiff

Eric Neiman
Williams Kastner & Gibbs, PLLC
888 S.W. Fifth Ave., Suite 600
Portland, OR  97204
    Attorney for Herbert Leon
    MacDonell

Charles F. Hinkle
Stoel Rives, LLP
900 S.W. Fifth Ave., Suite 2600
Portland, OR  97204
    Attorney for defendants Terry
    L. Laber, Barton P. Epstein,
    Peter R. De Forest, Stuart H.
    James, and Patricia Lough

///

///

1  - OPINION AND ORDER

AIKEN, Judge:

Plaintiff and defendants Laber, Epstein, De Forest, James and Lough have filed motions for attorney fees.

## BACKGROUND

Plaintiff Rodney D. Englert filed a complaint for defamation and libel against Herbert Leon MacDonell, Terry L. Laber, Barton P. Epstein, Peter R. De Forest, Stuart H. James, and Patricia Lough in Multnomah County Circuit Court. Defendants Laber, Epstein, De Forest, James and Lough (hereinafter "the Laber defendants") filed for removal to U.S. District Court based on diversity, and later filed a special motion to strike based on Oregon's "Anti-SLAPP" (strategic litigation against public participation) law, O.R.S. §§ 31.150-31.155. Defendant MacDonell filed a motion to dismiss for lack of personal jurisdiction and in the alternative an Anti-SLAPP motion to strike.

MacDonnell's motions to dismiss for lack of personal jurisdiction and alternative special motion to strike were denied. The defendants' special motions to strike were granted in part and denied in part as follows: defendants Laber and DeForest's motions were granted, and on May 7, 2009, a judgment was entered dismissing plaintiff's claims against Laber and DeForest. Defendants Epstein, Lough and James's motions were granted as to their communications to three professional organizations (the American Academy of Forensic Sciences, the FBI's Scientific Working Group on Bloodstain Pattern Analysis, and the International Association of Blood Pattern Analysis), and denied as to three personal communications made by Epstein,

2   - OPINION AND ORDER

Lough and James.

## STANDARDS

### 1. Oregon State Law

Oregon Revised Statute 31.152(3) states: "[a] defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney fees to a plaintiff who prevails on a special motion to strike."

### 2. Attorney Fees

Under Oregon law, an attorney fee award is to be determined by considering the factors listed in Or. Rev. Stat. 20.075(1) and (2). Elston v. Toma, 2005 WL 696900 at *1-2 (D. Or. 2005).

A. Or. Rev. Stat. 20.075(1)

Those factors are as follows: (a) the conduct of the parties in the transactions or occurrences that gave rise to the litigation; (b) the objective reasonableness of the claims and defenses asserted by the parties; (c) the extent to which the award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases; (d) the extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses; (e) the objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings; (f) the objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the

3   - OPINION AND ORDER

dispute; (g) the amount that the court has awarded as a prevailing party fee under ORS 20.190; and (h) such other factors as the court may consider appropriate under the circumstances of the case.

B. Or. Rev. Stat. 20.075(2)

Those factors are as follows: (a) time and labor required in the proceeding, novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services; (b) the likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases; (c) the fee customarily charged in the locality for similar legal services; (d) the amount involved in the controversy and the results obtained; (e) the time limitations imposed by the client or the circumstances of the case; (f) the nature and length of the attorney's professional relationship with the client; (g) the experience, reputation and ability of the attorney performing the services; and (h) whether the fee of the attorney is fixed or contingent.

## DISCUSSION

1. Plaintiff's Motion for Attorney Fees

Plaintiff moves for attorney fees in the amount of $59,097.00. That motion is denied. The attorney fee provision quoted above is clear that under the first sentence, if a defendant's anti-SLAPP motion is granted, the court "shall" award attorney fees to the defendant; conversely, pursuant to the second sentence of the statute, if a defendant's motion is denied, a plaintiff is not automatically entitled to attorney

4   - OPINION AND ORDER

fees. Instead, plaintiff must show that defendant's motion to strike was "frivolous or solely intended to cause unnecessary delay[.]" ORS 31.152(3). In construing a virtually identical attorney fee provision in California's SLAPP statute, the California Court of Appeals held that the provision, "evidences a legislative intent to do more than make fees and costs equally available to both sides. Instead, the statute reflects a clear preference for awarding fees and costs to prevailing defendants." ComputerXpress, Inc. v. Jackson, 113 Cal.Rptr.2d 625, 647 (Cal. App. 2001).

Plaintiff first asserts that defendants' SLAPP motion was "intended to cause unnecessary delay." However, plaintiff fails to provide any evidence whatsoever in support of that assertion. Moreover, the fact that defendants' motion was granted in part is evidence that the motion was legally justified. Plaintiff next contends that defendants' motion was "frivolous," arguing that the fact that this court denied in part the motion filed by defendants Epstein, Lough and James is evidence of that contention. I disagree. Defendants' motion was actually granted in part as to their submissions to the three professional organizations, and denied only as to the three "independent" communications. Therefore, at least 50% of defendants' anti-SLAPP motion was granted, and therefore cannot be considered "frivolous." See ComputerXpress, Inc., 113 Cal.Rptr.2d at 649 ("[d]efendants . . . are entitled to recover attorney fees and costs incurred in moving to strike the claims on which they prevailed, but not fees and costs incurred in moving to strike the remaining claims"); New.Net,

5    - OPINION AND ORDER

Inc. v. Lavasoft, 356 F.Supp.2d 1090, 1115 (C.D. Cal. 2004)("[a]n award [of attorney fees to the defendant] is proper even if the anti-SLAPP motion is granted as to only some of a plaintiff's claims."). Finally, the court has not found any cases, nor has the plaintiff provided any, where a court has partially granted a defendant's anti-SLAPP motion and then awarded attorney fees to the plaintiff.

2. Defendants' Motion for Attorney Fees

Dismissed defendants Laber and DeForest move for attorney fees in the amount of $12,609.30 each. Defendants Epstein, James and Lough move for attorney fees in the amount of $6,304.65 each. Defendants Laber and DeForest prevailed on their anti-SLAPP motion in its entirety. Defendants Epstein, James and Lough prevailed on approximately 50% of their anti-SLAPP motion in that they prevailed with regard to their communications to the three professional organizations and did not prevail regarding their three "independent" communications (a copy of the ethics complaint that James allegedly sent to Philip Thornton, a lawyer in Tacoma, Washington; a letter that Lough sent to the San Diego District Attorney's office; and a letter dated September 1, 2004, that Epstein sent to Brett Hartmann, an inmate in an Ohio prison).

The defendants were represented jointly by the same attorneys throughout the district court proceedings on their anti-SLAPP motion. The fees charged by defendants' lawyers for these proceedings were paid by the five defendants on an equal basis, that is, one-fifth of the total bill was charged to each defendant, and paid by each defendant. As noted in this

6   - OPINION AND ORDER

court's Opinion of May 10, 2006, Oregon's anti-SLAPP statute was "modeled after California's [anti-SLAPP] statue." Opinion, p. 14. As stated earlier, defendants are entitled to recover fees and costs incurred in moving to strike the claims on which they prevail, but not those fees and costs incurred in moving to strike the remaining claims. ComputerXpress,Inc., 113 Cal.Rptr.2d at 647.

Defendants Laber and DeForest prevailed on their motions in its entirety, therefore, by statute, they are entitled to full reimbursement for their portion of attorney fees attributable to the anti-SLAPP motion. Further, the remaining three defendant prevailed on at least 50% of their anti-SLAPP motion when this court granted that motion regarding communications made to three professional organizations, denying the motion only as to three independent communications made by defendants.

First, in applying Or. Rev. Stat. 20.075(1), I find two of the factors relevant. Considering 20.075(1)(b), I find it was not "objectively reasonable" for plaintiff to name defendants Laber and DeForest in this lawsuit. As this court stated in its prior Opinion, there was "no evidence . . . that defendants DeForest and Laber participated in any speech against plaintiff outside of the ethics complaints." Opinion, p. 25. Plaintiff had no evidence that defendants Laber and DeForest defamed him. Second, considering 20.075(1)(d), the imposition of attorney fees would work to deter others from asserting meritless claims. The purpose of the statute, 31.150(3), is "to allow early dismissal of meritless first amendment cases aimed at

7    - OPINION AND ORDER

chilling expression through costly, time-consuming litigation." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1109 (9th Cir. 2003).

Next, I will consider the application of Or. Rev. Stat. 20.075(2) discussing only the factors that contribute to the decision. First, regarding the amount of time, novelty and difficulty of issues, when evaluating an anti-SLAPP motion, the court must evaluate all of the evidence in the record because an anti-SLAPP motion tests the sufficiency of the evidence on the merits. This standard requires defendant to establish that the plaintiff's claims arise out of conduct "in furtherance of the exercise of the constitutional right . . . of free speech in connection with a public issue or an issue of public interest," and the plaintiff to "present substantial evidence to support a prima facie case." Or. Rev. Stat. 31.150(1),(2)(d). When filing an anti-SLAPP motion, the defendant must present the legal and factual basis for all of their defenses. Further, at the time the court decided this motion, there were no reported appellate decisions in state or federal court applying Oregon's anti-SLAPP statute, supporting defendants' contention of the novelty and difficulty of the issues.

Defense counsel worked on this case between November 28, 2005, and May 22, 2006. Three lawyers worked on the anti-SLAPP motions - 178.5 hours (Hinkle), 12.7 hours (Mullen), and 16.5 hours (Edling). The defendants are seeking fees for 166.3 hours of Hinkle's time, 1.8 hours of Mullin's time, and none of Edling's time. The value of those hours, at their regular

8  - OPINION AND ORDER

billing rates, is $63,046.50. Each of the five defendants paid one-fifth of that amount, or $12,609.30. Because Laber and DeForest prevailed on their anti-SLAPP motion in its entirety, they request a total fee reimbursement, or $12,609.30 each in attorney fees. Defendants Epstein, James and Lough prevailed on at least 50% of their anti-SLAPP motion so they request a 50% fee award, or $6,304.65 each (half of the one-fifth payment amount, $12,609.30). Defendants request a total fee award of $44,132.55.

Regarding fees customarily charged in the locality, defendants seek an award for Hinkle's time at the rate of $360 per hour for his time in November 2005, and at the rate of $375 per hour for his time between December 1, 2005 and May 24, 2006 (the date the fee petition was filed); for Mullin's time at the rate of $385 per hour for his time in November 2005, and at the rate of $400 per hour for his time between December 1, 2005 and May 24, 2006. I find these hourly rates are reasonable. See Summit Properties v. New Technology Elec. Contractors, 2005 WL 2104960 (D. Or. 2005) (CV 03-748-HA)(attorney fees awarded at the requested hourly rates of $385 for work performed in 2005 for attorney Mullin); Second Wind v. Leer, 2005 WL 1502887 (D. Or. 2005)(CV 04-214-AA)(attorney fees awarded at the hourly rate of $350 for work performed by Jere Webb and at the hourly rate of $300 for Stephen Redshaw); Lanphere Enterprises v. Jiffy Lube International, CV 01-1168-BR (attorney fees at an hourly rate of $325 for Stoel Rives partners for work performed in 2002); and Stacy v. KOIN-TV, et al., Mult. County Circuit Court No. 0506-05987 (attorney fees awarded to Hinkle pursuant

9    - OPINION AND ORDER

to anti-SLAPP statute at hourly rate of $375 in 2006).

Regarding the amount in controversy and the results obtained, plaintiff requests damages in the amount of $3 million in his amended complaint. Because defendants Laber and DeForest prevailed on their motion to strike, plaintiff will recover nothing from them. Further, with respect to defendants Epstein, James and Lough, because they prevailed on 50% of their motion to strike, any damages ultimately recovered by plaintiff will be reduced. Finally, defense counsel notes that their billings have been on an hourly basis instead of a contingent fee arrangement.

Therefore, based on the factors outlined above and a careful review of the billing records submitted by defendants to support their fee entitlement, I find that defendants are entitled to the following attorney fees:

Laber - $12,609.30 (full attorney fee recovery)
DeForest - $12,609.30 (full attorney fee recovery)
Epstein - $6,304.65 (50% attorney fee recovery)
James - $6,304.65 (50% attorney fee recovery)
Lough - $6,304.65 (50% attorney fee recovery)
For a total attorney fee award in the amount of $44,132.55.
///
///
///
///
///
///
///

10  - OPINION AND ORDER

## CONCLUSION

Plaintiff's motion for attorney fees (doc. 34) is denied. Defendants' motion for attorney fees (doc. 31) and renewed and amended motion for attorney fees (doc. 67) are granted as stated above.

IT IS SO ORDERED.

Dated this _10_ day of July 2009.

_____
Ann Aiken
United States District Judge

11   - OPINION AND ORDER